**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4961**

———————

UNITED STATES OF AMERICA,

        Plaintiff — Appellee,

    v.

JOHN SINGLETON,

        Defendant — Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:09-cr-00914-PMD-2)

———————

Submitted: June 16, 2011        Decided: June 20, 2011

———————

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Walter S. Ameika, Jr., AMEIKA LAW OFFICES, Summerville, South Carolina, for Appellant. Eric John Klumb, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Singleton pled guilty to conspiracy to embezzle money from a federally-funded organization. The district court sentenced him to 24 months' imprisonment. Singleton's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning whether Singleton's sentence was reasonable in light of his request for a variance or a downward departure. Singleton was advised of his right to file a pro se supplemental brief, but has not done so. We affirm.

In fulfilling our duty under Anders, we have reviewed the guilty plea for any error, and find none. Our review of the transcript of the plea hearing leads us to conclude that the district court fully complied with Fed. R. Crim. P. 11 in accepting Singleton's guilty plea. The court ensured that Singleton understood the charge against him and the potential sentence he faced, that he entered his plea knowingly and voluntarily, and that the plea was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Accordingly, we affirm Singleton's conviction.

We have reviewed Singleton's sentence and determined that it was properly calculated and that the sentence imposed

2

was reasonable.  See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010).  The district court followed the necessary procedural steps in sentencing Singleton, appropriately treated the sentencing Guidelines as advisory, properly calculated and considered the applicable Guidelines range, and weighed the relevant 18 U.S.C. § 3553(a) (2006) factors in light of Singleton's individual characteristics and circumstances.  The district court adequately explained its reasons for denying a variance, noting that Singleton had the benefit of education and a masters degree, he was a role model in the community helping the unfortunate, and yet, while employed with an agency entrusted to aid the poor of the community, Singleton used his position to steal the money designated for the needy.  Because the court adequately explained its reasons for imposing sentence at the top of the advisory Guidelines range, we conclude that the sentence is not an abuse of discretion.  See Gall, 552 U.S. at 41; United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (applying appellate presumption of reasonableness to within Guidelines sentence).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  This court requires that counsel inform Singleton, in writing, of the right to petition the Supreme Court of the

3

United States for further review. If Singleton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Singleton. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED